[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution of marriage action in which both parties are represented by counsel, testified at trial and were fully cross-examined. Based on the evidence it finds to be credible, the Court makes the following findings and orders:
The parties intermarried at Vernon, Connecticut on September 30, 1990 and have resided within the state of Connecticut for longer than one year next preceding the date of the complaint.
One minor child was born issue of the marriage, to wit: Rachel Ann Janik, born November 20, 1991.
Neither party is receiving state assistance on their behalf or for said child.
The marriage between the parties has broken down irretrievably and there is no reasonable expectation of reconciliation. Accordingly, the marriage is ordered dissolved on the grounds of irretrievable breakdown.
The parties have reached agreement as to several issues. The Court will include those agreements in its decision and awards. CT Page 1755
Custody:
Both parties shall have joint legal custody of the minor child. The child's primary place of residence shall be with the wife.
Visitation:
The husband shall have visitation as follows:
 A. Every other weekend from Friday at 6:00 P.M. to Sunday at 6:00 P.M.
B. Every Wednesday from 4:00 P.M. to 7:00 P.M.
 C. If the Monday following the husband's weekend access is a legal holiday, then the visitation period shall be extended to said Monday at 6:00 P.M.
 D. The parties shall alternate visitation on the following holidays: (Visitation period shall be from 10:00 A.M. to 6:00 P.M.)
 New Years Day Good Friday Easter Thanksgiving Fourth of July
 E. The mother shall have the child on Mother's Day from 10:00 A.M.
 The father shall have the child on Father's Day from 10:00 A.M. to 6:00 P.M. if Father's Day does not fall on a weekend when he has scheduled visitation.
 F. The father shall have visitation on Christmas Eve from 6:00 P.M. to 10:00 A.M. Christmas Day.
 G. The father shall have the child for a one week vacation during the month of July and an additional one week vacation during the month of August. (from Friday at 6:00 P.M. to Sunday at 6:00 P.M.) He shall provide the wife with not less than sixty days advance notice of his CT Page 1756 vacation schedule.
 H. Each party shall be responsible for picking up the minor child at the other party's residence. (This order is based on the present addresses of the parties being in the towns of South Windsor and Manchester.)
 I. The husband shall not consume alcohol within four hours of commencing visitation or during any period of visitation.
(Visitation was a disputed issue. The Court generally agrees that the wife's proposal with respect to times and frequency of visitation is better suited to the child's interest.)
Child Support:
The husband shall pay child support in the amount of $200.00 per week, in accordance with support guidelines, to be secured by a contingent wage garnishment (in view of his satisfactory record of past payments). The parties shall exchange copies of their tax returns by May 1st of each year until child support obligation ends.
Medical Insurance:
The husband shall maintain medical coverage for the minor child as is available through his employment. The provisions of General Statutes § 46b-84(c) shall apply to this order. The parties shall split equally all unreimbursed medical, dental, prescriptive, orthodontic and counselling expenses for the minor child.
The husband shall maintain the wife under his medical insurance plan pursuant to the provisions of COBRA, for a period of six months at his expense. Thereafter, the wife shall be responsible for the costs of said coverage if she elects to avail herself of it. If the wife obtains other medical coverage before six months then the husband's obligation will end when that occurs, but shall not exceed six months in any event.
Life Insurance:
The husband shall maintain the minor child as irrevocable beneficiary on his existing life insurance policy as made available CT Page 1757 through his employer, presently in the amount of $100,000 until said child becomes eighteen years of age. The wife shall be designated as the trustee for the minor child on said policy.
Alimony:
The husband shall pay periodic alimony in the amount of $100.00 per week for a period of fifty-two weeks. (The wife is presently not employed, but appears to have marketable skills. The periodic alimony is intended to assist financially, for a reasonable period of time, while she seeks employment.) The Court has considered §§ 46b-81 and 46b-82 in its determination.
Retirement Accounts:
Each party waives any claim to any retirement funds of the other party. Plaintiff shall keep his pension and two IRA's. Defendant shall keep her AETNA ISP and pension.
Stocks and Bonds:
Each party waives any claim to any stocks or bonds of the; other party. Plaintiff shall keep his bonds. Defendant shall keep her stocks and bonds.
Automobiles:
Each party waives any claim to the automobile the other party is driving. Plaintiff shall keep the Mitsubishi Eclipse automobile and indemnify and hold defendant harmless on any loan balance thereon. Defendant shall keep the Chevrolet Lumina and hold plaintiff harmless on any loan balance thereon.
Distribution of Assets:
There is presently the sum of approximately $78,000 in liquid assets and the parties are at issue over its distribution. The husband seeks a 50-50 split after certain sums he seeks credited to him. The wife seeks a 60-40 split and also asks that certain sums be credited to her. As required by § 46b-81, the Court considers the length of the marriage, causes for the breakdown of the marriage, the age, health, station, occupation, amount and source of income, vocational skills, employability, estate, liabilities and needs of the parties and the opportunity of each for future acquisition of assets and income, and the contribution of the CT Page 1758 parties to the acquisition, preservation or appreciation of the property:
This is a marriage of relatively short duration. They married on September 30, 1990 and the husband left the marital home on June 5, 1993. The husband has a controlling, domineering personality. His insistence on managing even seemingly insignificant details probably contributed to much, if not most, of the marital discord. A couple of examples are his setting out cleaning schedules and the methods to be used for vacuuming, cleaning the refrigerator and the like. He required the wife to account for bottle deposit returns and controlled the household budget as closely as he could. This despite the fact that both he and his wife had good incomes and substantial savings. Another factor leading to the breakdown was the wife's unplanned pregnancy. The parties had agreed not to have children and the disruption the child caused to their expected income resulted in arguments and animosity. Both parties brought significant assets to the marriage and both contributed to the marital property they now have. The Court concludes that the $78,000 should be divided equally between the parties.
The husband claims that $19,168 which he withdrew from his Civil Service Retirement Account should be credited to him. He argues that the parties have stipulated to waive any claim to any retirement funds of the other and that this sum now included in the $78,000 is a retirement fund. The wife does not agree that she intended that sum to be considered a retirement fund. The husband withdrew that money in 1989 and it went to a joint account of the parties. That action removed the money from a retirement fund classification and it became an asset brought to the marriage. As such it is available for distribution and he is not to be credited that sum.
The husband also seeks a credit of $6350.00 which represents 50% of the money spent by the wife from their joint checking account when the husband vacated the home. Most of this money went to replace household items which the husband took when he left and living expenses. The expenditures do not appear to be frivolous and in the overall picture, considering the husband's behavior as the primary cause for the breakdown, the other financial and distribution orders entered, the Court will not grant this request for credit. Similarly, the husband's request for a credit of $3700 which the wife was permitted to withdraw by agreement, pendente lite, is denied. CT Page 1759
As to the wife's requested credits, she claims that $13000 was loaned to the parties by her father and she seeks to have that sum credited to her. From the evidence (and lack of evidence), the Court determines this was a gift to the parties, not a loan. The only evidence presented on this point was from the wife. Her father did not testify nor was there any documentary evidence to support her claim. To the contrary, the parties had many thousands in liquid assets. They had already purchased a home and there was no need for them to borrow money. The wife's request for this credit is denied.
The wife also seeks a credit to compensate her for an insurance claim arising out of repayment she made to Aetna Insurance Co. Claiming her engagement ring fell from her finger into a pond while she was feeding ducks and was lost, she collected $6921.00 from Aetna for that loss. Subsequently the husband found the ring in the wife's underwear drawer and confronted her about it. After consulting with her attorney the wife repaid Aetna by a charge on her credit cards. The Court declines to assess a charge against the husband under these circumstances. (The wife, still has her ring.) In deciding this issue the Court has also considered other parts of the mosaic, including, inter alia, advances already made from marital assets.
Accordingly, the liquid assets now being held in escrow in the approximate amount of $78000 be distributed equally between the parties.
Attorney's Fees:
Each party is able to and shall be responsible for his or her own counsel fees.
Tax Deductions:
The parties shall alternate taking the minor child as a tax deduction, commencing with the calendar year 1995, with the husband taking the child as an exception in calendar years 1994, 1995 and every other year thereafter.
Personal Property:
 a. The husband shall have possession of two lawn mowers one Sears model and one Toro model, with grass catchers.
CT Page 1760
 b. The parties shall be entitled to have possession of any other items of personal property as presently in their possession. Many of the items requested by the husband are disclaimed by the wife to be in her possession, and many of the remaining are ordinary household furnishing. It is noted that the husband did remove other items when he vacated the family home. He shall retain possession for any stereo systems in his possession.
Klaczak, J.